UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYVON BRIDGES,

        Plaintiff,

v.

CITY OF DETROIT et al.,

        Defendant.

_____/

Case No. 4:25-CV-11104
District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (ECF No. 23), AWARDING PARTIAL ATTORNEY FEES AND STRIKING DEFENDANTS' OBJECTION TO [AN UNFILED] REPLY BRIEF (ECF No. 28)

**A.     Background**

Plaintiff Rayvon Bridges brought this action in Wayne County Circuit, and Defendants removed the case to this Court on April 16, 2025.  (ECF No. 1.)  On July 10, 2025, Judge F. Kay Behm issued a scheduling order (ECF No. 8) and then referred the case to me for all discovery matters pursuant to 28 U.S.C. § 636(b) (ECF No. 9).

Plaintiff filed the instant motion to compel on February 18, 2026 (ECF No. 23) and Defendants filed a response on February 25, 2026 (ECF No. 26).  The matter has been fully briefed, and I conducted a hearing on February 27, 2026.

**B.     Order**

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, the Court orders as follows:

Plaintiff's motion to compel (ECF No. 23) is **GRANTED IN PART AND DENIED IN PART.**

It is **GRANTED** in that Defendants Lisa Alexander and Kenneth Valrie are **DIRECTED** to produce Interrogatory Responses, *signed under oath* <u>forthwith</u>. The responses must be emailed by Defendants' counsel to Plaintiff's counsel no later than **noon on Monday, March 2, 2026.**

The Court further **DIRECTS** that all depositions currently scheduled SHALL TAKE PLACE on the dates and times mutually agreed upon by counsel, per the record made at the hearing.  Specifically:

| | |
|---|---|
| Lisa Valrie: | March 3, 2026 at 10:00 am |
| Kenneth Alexander: | March 9, 2026 at 10:00 am |
| Joann Wight: | March 5, 2026 at 11:00 am |
| Charles Lionel: | March 3, 2026 at 1:00 pm |
| Jose Ortiz: | March 5, 2026 at 9:00 am |
| Dawn Engel: | March 5, 2026 at 1:00 pm |

All depositions are scheduled to occur by Zoom, by mutual agreement of counsel. Counsel should instruct the deponents that a failure to appear for the scheduled depositions shall result in an order to show cause why sanctions should not be

imposed under Fed. R. Civ. P. 37, which could include sanctions up to and including a finding of default or a finding of contempt.

Plaintiff's motion (ECF No. 23) is **DENIED** in all other respects, largely because Defendants have taken further steps to produce the outstanding discovery after the motion to compel was filed and also because Defendants' counsel made affirmative representations on the record that all responsive discovery in her clients' possession, custody and control had been produced.

IT IS FURTHER ORDERED that Defendants' supplemental brief (ECF No. 28) is **HEREBY STRICKEN** for failure to adhere to the local rules, which allows motions, responses, and replies but does not provide for sur-replies or supplemental briefs without leave of Court.  *See* E.D. Mich. LR 7.1(d).  The supplemental brief further appears to be superfluous and merely prospective in that it objects to a reply that was never filed.

Finally, as further stated on the record, the Court **ORDERS** Defendants to pay a portion of Plaintiff's reasonable attorney fees expended in the preparation, filing, and litigation of the motion to compel.  Federal Rule of Civil Procedure 37 provides that if a motion to compel is granted, or if discovery is provided after the filing of the motion, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses

3

incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). If the motion is granted in part and denied in part, the Court may "apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

While exceptions exist for this rule, the Court finds them to be largely inapplicable here and finds that it is appropriate to award attorney fees given Defendants' extreme delay in complying with their discovery obligations, and given that many discovery responses and documents were not produced until after the motion to compel was filed. Specifically, much of the outstanding discovery has been pending since late October or early November, Defendants have *yet* to produce signed Interrogatory Responses (and indeed, had no plan to sign them until their depositions), voluminous telephone records were produced after the motion to compel, at least two written policies were not produced until after the motion to compel, and the written response to Plaintiff's Requests to Produce was only recently provided.

When asked at the hearing how many hours were spent preparing the motion to compel and supporting documents, Plaintiff's counsel estimated an extremely conservative time of three hours, and represented that his hourly rate for civil cases was $400. For the reasons stated on the record, the Court finds that a $300 hourly rate is reasonable for this straightforward discovery motion, and taking into account counsel's experience, focus areas, and the relevant market. The Court

finds that three hours of time to prepare this discovery motion is abundantly reasonable. Because the motion was only partially successful, and as explained in n. 1 *infra*., the Court will reduce the hour estimate by 50%, and award attorney fees for 1.5 hours at an hourly rate of $300 for drafting and revising this motion, *i.e.*, $450. **Additionally**, although not awarded by the Court at the hearing, the Court notes that the hearing lasted 1.5 hours, including the five to ten minutes counsel had to wait for the Undersigned to appear on screen. Plaintiff is **also awarded** half of that time at the same hourly rate of $300, *i.e.*, an additional $225.[1] Accordingly, Defendants shall be jointly and severally liable for the award of **$675**, which must be paid to Plaintiff's counsel by **March 20, 2026.**

---

[1] Soon after the hearing, Plaintiff's counsel emailed the Court and defense counsel, explaining that his time estimate "include[ed] the time I spent drafting the [pre-motion discovery dispute] letter, reviewing the new discovery, and editing the final draft," but clarifying that he "did not fully draft the motion" himself The Court appreciates counsel's candor, but nonetheless finds that the Court's award of $450 for motion preparation is still appropriate because: (1) the ultimate question is the *reasonableness* of the time and fees awarded, and $450 for drafting and revising 17 pages of motion and briefing is *extremely* modest; and, (2) because a significant amount of discovery was not produced until after the motion was filed, in which case costs and expenses "must" be awarded. Fed. R. Civ. P. 37(a)(5). Here, however, Plaintiff's failure to follow E.D. Mich. LR 37.2 and my Practice Guidelines, as discussed at the hearing, and failure to fully prevail on the motion (perhaps as a result), *see* Fed. R. Civ. P. 37(a)(5)(c), presents "other circumstances" for awarding less than the full amount of time expended in drafting and arguing the motion. *See* Fed. R. Civ. P. 37(a)(5)A)(iii).

**IT IS SO ORDERED.**[2]

Dated:  February 28, 2026

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).