UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYVON BRIDGES,
Plaintiff,

Case No. 4:25-cv-11104
District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

v.

CITY OF DETROIT, et al.,

Defendants.
_______________________________/

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO PAY LATE CANCELLATION OF INDEPENDENT MEDICAL EXAMINATION FEES (ECF No. 36) AND STRIKING LATE REPLY (ECF No. 52)**

**A. INTRODUCTION**

This matter is before the Court on Defendants' Motion to Compel Plaintiff to Pay Late Cancellation of Independent Medical Examination Fees (ECF No. 36), filed May 18, 2026. Plaintiff filed a Response and Brief in Opposition on June 1, 2026 (ECF No. 39).

Defendants ask the Court to order Plaintiff to pay a cancellation fee arising from a missed independent medical examination scheduled for April 8, 2026, as well as their reasonable expenses, including attorney's fees, incurred in bringing the motion.

For the reasons that follow, the Court **DENIES** Defendants' motion for failure to comply with the pre-motion conference requirements of Eastern District of Michigan Local Rules 7.1 and 37.1.

**B. BACKGROUND**

Plaintiff brought this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights and seeking damages that include mental and emotional harm. (ECF No. 15, PageID.217-28.) Defendants subsequently sought Plaintiff's independent medical examination ("IME").

The parties attempted to conduct the IME virtually on March 2, 2026, but the examination did not proceed, following a dispute concerning whether Plaintiff would be permitted to audio record the examination.[1] The examination was

[1] Defense counsel was correct in informing Plaintiff's counsel that this was an unreasonable expectation and communicating that federal courts generally do not permit IMEs to be recorded. Indeed, "the majority of federal courts decline to allow either recording or an observer, absent a showing of a special need or good reason." *Lahar v. Oakland County*, No. 05-72920, 2006 U.S. Dist. LEXIS 55235, *22 (E.D. Mich. Aug. 8, 2006) (citing *EEOC v Grief Bros. Corp*., 218 F.R.D. 59, 63-64 (W.D.N.Y. 2003); *Tomlin v Holecek*, 150 F.R.D. 628, 631-632 (D. Minn. 1993); *Wheat v Biesecker*, 125 F.R.D. 479, 480 (N.D. Ind. 1989); *Shirsat v Mutual Pharmaceutical Co., Inc*., 169 F.R.D. 68, 70-71 (E.D. Pa. 1996); *Ragge v MCA/Universal Studios*, 165 F.R.D. 605, 609-610 (C.D. Cal. 1995)). However, the manner in which defense counsel communicated it was condescending, similar to a pattern already seen in this case. (*See* ECF No. 31, PageID.375) ("The third thing I want to talk about is a disturbing tendency by both of you to make *ad hominem* attacks. And I got to tell you, there's about nothing that is more of a pet peeve of mine, and probably most federal judges, than people sniping at each other and making *ad hominem* attacks…I read all of the email between the two of you. Quite frankly, I thought it was appalling. I don't think it was civil and it's way

rescheduled for April 8, 2026, in person, at Dr. Craig Lemmen's office in Ann Arbor. Defendants arranged and paid for transportation, but Plaintiff did not appear for the scheduled appointment. From what the Court can glean from the motion and response, it appears that Plaintiff slept in that day. (See ECF No. 36-1, PageID.442.)

On May 18, 2026, at 2:47 p.m., Defendants' counsel emailed Plaintiff's counsel a draft of the instant motion and stated that "this motion will be filed today." (ECF No. 39-5, PageID.912.)[2] Defendants filed the motion at 3:40 p.m., fifty-three minutes later. Plaintiff represents that Defendants filed the motion before receiving a response from Plaintiff's counsel. Defendants did not file a timely reply disputing Plaintiff's rendition of the efforts to seek concurrence.

**C. LEGAL STANDARD**

Eastern District of Michigan Local Rules 7.1 and 37.1 require that, before filing a motion to compel, there be a pre-motion "conference" at which "the

---

below the level that's expected in this court, so do not stoop to that in this oral argument.") Counsel risks sanctions for incivility if this keeps up and is expected to act like a professional at all times. Phrasing like "I understand that you haven't been practicing civil law very long" need not preface her arguments to her brother counsel. (ECF No. 39-1, PageID.894.)

[2] Both parties risk having their future motions and briefs stricken if they do not carefully read this Court's Electronic Filing Policies and Procedures, as their papers do not comply with R. 19(b), which contains explicit requirements for the electronic filing and labeling exhibits.

movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought." E.D. Mich. LR 7.1(2)(A). Further, "the movant must confer with the other parties and other persons entitled to be heard on the motion in good faith and in a manner that reasonably explains the basis for the motion and allows for an interactive process aimed at reaching agreement on the matter or those aspects of the matter that can be resolved without court intervention." *Id*. And, Rule 7.1 requires counsel to "state" with specificity either that a conference was held or why it was not, with four possible options for what should be informed about what took place or did not take place. E.D. Mich. LR 7.1(2). Defendants say nothing of this in their motion. In fact, they take the position that email exchanges suffice. (ECF No. 36, PageID.438-439, ¶¶ 10-11) ("Plaintiff's attorney, in writing, indicated that he refused to pay the late cancellation fee or the transportation fee … "*Therefore*, there was a conference between attorneys ….") (emphasis added). This is a *non sequitur*.

As Judge Lawson of this Court has explained, "The Oxford English Dictionary defines a 'conference' as 'the action of bringing together' or 'meeting for conversation.'" "The idea behind the rule requiring opposing counsel to meet for conversation, of course, is to stimulate discussion about the dispute that is the subject of the motion in order to attempt a resolution that would not require court

intervention." *Bridgewater v. Michigan Gaming Control Board*, Case No. 16-10782 (ECF No. 16, PageID.122 therein.)

**D. ANALYSIS AND RULING**

Defendants' motion is appropriately denied for failing to comply with E.D. Mich. LR 7.1 and 37.1. *See* E.D. Mich. LR 7.1(a)(3) ("The Court may impose sanctions … for violating this rule, which may include … denying the motion ….") As set forth above, Defendants' counsel emailed Plaintiff's counsel a draft of the motion at 2:47 p.m. on May 18, 2026, stating that "this motion will be filed today," and filed the motion approximately fifty-three minutes later, at 3:40 p.m., before receiving a response. (ECF No. 39-5, PageID.912.) Defendants did not file a reply disputing Plaintiff's rendition of these efforts, and the Court therefore considers that rendition uncontested.

This does not demonstrate the pre-motion conference or good-faith conferral that E.D. Mich. LR 7.1 and 37.1 require. Providing opposing counsel with a draft of a motion and filing it less than an hour later, before receiving any response, is a notification, not the "interactive process aimed at reaching agreement" referenced by E.D. Mich. LR 7.1(a)(1). While Defendants may believe that Plaintiff's counsel's "refus[al] to pay in writing" (*id*.; ECF No. 36, PageID.438-439, ¶¶ 10-11) is good enough to warrant this motion, attorneys at law are expected to be able to *speak* with each other and either convince the other side through *respectful*

*advocacy* why they will prevail if a motion is filed or, as often happens, reach a compromise with which both sides can live, thus relieving the Court of having to read briefing and decide the dispute amidst already crowded dockets.

This is not the first time that defense counsel has failed to adhere to the Local Rules in this case. (*See* ECF No. 29, PageID.363.) Nor is it the first time that counsel have been directed to "work diligently to fulfill their obligations under the Federal Rules." (Text -Only Order, Feb. 20, 2026.) Notably, Defendant finally got around to filing a reply brief, titled as a "Supplement [sic] Brief," on October 1, 2026 (ECF No. 52), which, based on the filing date of the plaintiff's response (June 1, 2026), was due *on June 8, 2026*. E.D. Mich. LR 7.1(e)(1)(B) (for non-dispositive motions, replies are due 7 days after the response). And calling it a "supplement" does not ameliorate the situation, because, while its purported purpose is to provide a copy of the expert's "invoice for Plaintiff's failure to appear for [his] independent medical exam" (ECF No. 52, PageID.1803), the Court cannot help but notice that the attached invoice is dated March 8, 2026, more than *two months before the motion was filed* (ECF No. 52-1). But, in any case, the invoice looks identical to the one attached to the original motion papers, based upon a side-by-side comparison. (ECF No. 36-2.) The reply brief does not explain why it is filed or request leave to file it so late, and it is unclear what Defendants thought they were achieving by filing it, other than to waste the Court's time

making the comparison between the two invoices. Moreover, if the invoice attached to the "supplement brief" does differ in any way from the one originally filed or offer any new information in support of the original relief requested, it should have been attached to the motion itself, to afford Plaintiff an opportunity to respond to it, not offered in what is, in reality, an extremely late reply brief. Such deficiencies cannot be remedied by a reply because a party "cannot raise new issues in a reply brief." *McCarthy v. City of Cleveland*, 626 F.3d 280, 286 (6th Cir. 2010). Amazingly, this is not the first time Defendants have filed a "supplemental" brief that fails to comply with the Local Rules and "appears to be superfluous," resulting in it being stricken. (*See* ECF No. 29, PageID.363.) Accordingly, for all of the reasons described above, Defendants' motion to compel a late cancellation fee is **HEREBY DENIED** and the "Supplement Brief" (ECF No. 52) is **HEREBY STRICKEN**.

No costs or expenses will be awarded, because Plaintiff bears fault of his own by not appearing for his IME and thus, these "other circumstance make an award of expenses unjust," notwithstanding the fact that Plaintiff has prevailed through the denial of this motion. Fed. R. Civ. P. 37(a)(5)(A)(iii). It is **SO ORDERED**.

Dated: October 14, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE